IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAN ROBERT ANDERSON, JR,

    Petitioner,

v.                                             CASE NO. 5:03-cv-00162-MP-EMT

CHARLIE CRIST,
JAMES CROSBY,

    Respondents.

_____/

**O R D E R**

This matter is before the Court on Doc. 28, Report and Recommendation of the Magistrate Judge, recommending that the 28 U.S.C. § 2254 motion of the plaintiff be denied. The Petitioner has filed objections, doc. 31, which the Court has reviewed. The Court concludes that none of the three arguments raised by Petitioner have merit and thus adopts the Report and Recommendation of the Magistrate Judge and denies the petition.

After police roused him from sleep at the home of an acquantaince, Donna Lunsford, the Petitioner confessed to various armed robberies. Later, pursuant to a written plea agreement, Petitioner pleaded nolo contendere in the Circuit Court in and for Washington County, Florida, to five counts of armed robbery with a deadly weapon in exchange for a sentence of 15.6 years of incarceration followed by concurrent terms of five years of probation (Doc. 12, Ex. A1 at 67-68). Despite the plea, he appealed his conviction and sentences and now files this habeas petition raising three points.

First, Petitioner alleges that his counsel was ineffective for failing to withdraw from representing him due to a conflict of interest (Doc. 1 at 6). Specifically, Petitioner states his public defender, John Roberts, represented co-defendant Donna Lunsford during her "pre-trial and subsequent plea bargaining" and, as part of her plea, Lunsford agreed to testify against Petitioner (id.). The Court agrees that although Petitioner has asserted that Defender Roberts represented Petitioner and Donna Lunsford in the same action, Petitioner has failed to show that Roberts' performance was adversely affected by the dual representation. Petitioner contends Defender Roberts could have asked Donna Lunsford whether she and Petitioner had smoked $1,000.00 worth of crack cocaine in the twenty four hour period prior to their arrest. However, Petitioner has provided no factual support for his assertion that Ms. Lunsford would have affirmed that the amount of cocaine they smoked was $1,000.00 worth. Additionally, Petitioner has failed to allege facts showing that defense counsel's failure to question Ms. Lunsford was linked to counsel's representation of her. The record shows that Defender Roberts did not cross-examine any of the State's witnesses at the suppression hearing (see id. at 65, 74, 83).

Furthermore, Petitioner's public defender not only questioned Ms. Lunsford during Petitioner's first suppression hearing, but defense counsel called Ms. Lunsford as a witness for the defense at that hearing (see Doc. 12, Ex. A1 at 110, 150-54), and Petitioner has provided no facts suggesting a reason for a change in loyalty at the time of the second suppression hearing. Moreover, when Ms. Lunsford testified at the suppression hearing in question (the second suppression hearing), she corroborated Petitioner's testimony that the two of them had smoked cocaine the night before the arrest, and that Petitioner had smoked marijuana and drank beer on the day of the arrest (Doc. 12, Ex. B1 at 61-62, 64). In light of this favorable testimony, as well

as the fact that Petitioner's assertion as to the substance of Lunsford's testimony is purely speculative, it was reasonable for counsel to forego an attempt to elicit specific details from Ms. Lunsford. In sum, Petitioner has failed to show that his counsel's performance was adversely affected by his representation of Donna Lunsford; therefore, Petitioner is not entitled to federal habeas relief on this basis.

Second, Petitioner claims the trial court erred in denying his motion to suppress evidence obtained during the execution of the search warrant on Donna Lunsford's home on the ground that law enforcement entered the home illegally (Doc. 1 at 10). Petitioner contends law enforcement violated state and federal "knock and announce" laws, specifically, Florida Statutes section 933.09 and 18 U.S.C. § 3109 (id. at 10-11).  Additionally, in his supplemental argument Petitioner cites Fourth Amendment law in support of his claim (see Doc. 7).  The Court agrees with the Magistrate Judge that Petitioner's claims suffer from various procedural flaws and adopts the recommendations of the Magistrate Judge on those points.  Also, the Court agrees that Petitioner has failed to demonstrate that the state court decision was contrary to or an unreasonable application of Supreme Court law. Given the testimony of the officers that before entering the home, they had evidence linking Petitioner to at least two of five robberies in the city; during each of the robberies, the robber threatened people with a knife; there was a woman and possibly a child in the house with Petitioner at the time of execution of the warrant, and the house was small, it was reasonable for the trial court to conclude that the time that elapsed between the announcement and entry was sufficient under the circumstances to satisfy the reasonableness requirement of the Fourth Amendment.

Finally, Petitioner claims he received ineffective assistance of counsel because defense counsel failed to investigate drug counselor Wanda Campbell as a witness at the hearing on Petitioner's motion to suppress his confession on the ground that he was intoxicated at the time of the confession (Doc. 1 at 15). Petitioner alleges Ms. Campbell was his drug counselor and could have reviewed Petitioner's taped confession and testified that Petitioner was under the influence of cocaine, alcohol, and marijuana at the time of his confession (id.).  He claims that Ms. Campbell would be a better witness than the doctor who testified.

The Court agrees with the Magistrate Judge that this is just the type of tactical decision by counsel which is extremely unlikely to constitute ineffective assistance of counsel.  Counsel's decision whether to call a particular witness is a matter of trial strategy entitled to great deference. Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc)(citing Waters v. Thomas, 46 F.3d 1506, 1512, 1518-19 (11th Cir. 1995) (en banc)). If the record is not complete regarding counsel's actions, then the courts should presume "that what the particular defense lawyer did at trial-for example, what witnesses he presented or did not present-were acts that some reasonable lawyer might do." Id. at 1314-15 n. 15. "The mere fact that other witnesses might have been available or that other testimony might have been elicited from those who testified is not a sufficient ground to prove ineffectiveness of counsel." Waters, 46 F.3d at 1514. "Complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would

have testified are largely speculative." <u>Buckelew v. United States</u>, 575 F.2d 515, 521 (5th Cir. 1978).

    Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.     The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2.     This action is DISMISSED, and the clerk is directed to close the file.

    **DONE AND ORDERED** this  *15th*  day of September, 2006

*      s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge